Sherman LEMASTER, et al.,
Plaintiffs-Respondents,

v.

Janice PILAS, et al.,
Defendants-Appellants.

No. 44109.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Ronald E. Jenkins, Thomas B. Weaver, St. Louis, for defendants-appellants.

Arthur L. Poger, Clayton, for plaintiffs-respondents.

CLEMENS, Senior Judge.

In this jury-waived case plaintiff store owners Sherman and Betty Lemaster, as grantees of the original owner-lessor, sued defendants Janice and Richard Pilas for rent and got a $6,530 judgment. Janice and Richard appeal.

Here, defendants first contend there was no evidence plaintiffs had acquired the interest of the original owner-lessor; this we deny. Secondly, defendant Richard Pilas contends that although he did sign the lease he was not a party to it so was not liable for the unpaid rent; we agree, and reverse the judgment as to him.

■ Plaintiffs had evidence they had acquired the interest of their grantor, the original lessor. By his warranty deed the owner had conveyed to plaintiff all his right, title and interest in the realty; this clearly included his right to rental from the defendant-lessee. Further, by that deed to plaintiffs the word "lessor" was to "be construed to include the . . . assigns . . . of the lessor". We deny defendants' basic point relied on.

■ Defendant Richard Pilas challenges the court's finding he was liable for rent due under the store lease to his wife, defendant Janice Pilas. The lease named only Janice Pilas, as lessee (singular) and she had signed on the line above her typed name. Admittedly Richard's signature was on a copy of the lease. But he was not named in the body of the lease; his signature was on an unmarked line.

Two cases require us to reverse the trial court's judgment against lessee's husband Richard Pilas. In *Drzewiecki v. Stock-Daniel Hardware Co.*, 293 S.W. 441 [3, 4–6] (Mo.App.1927), we ruled: " . . . parties whose names are not contained in the body of a lease or deed do not become parties thereto and are not bound thereby if they simply sign same." We cited and applied that case in denying recovery against a defendant who had signed, but as here, was

not a named party to the lease. See *Bridge Development Company v. Vurro*, 519 S.W.2d 321 (Mo.App.1975). The trial court erred in rendering judgment against defendant husband.

Judgment affirmed as to defendant Janice Pilas, and reversed outright as to defendant Richard Pilas; cause ordered remanded to the trial court for entry of a new judgment.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.